COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


EDWARD JOHNSON

MEMORANDUM OPINION*

v.    Record No. 0604-00-3                    PER CURIAM
                                             JUNE 27, 2000

ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

(Eric Roland Spencer, on brief), for
appellant. Appellant submitting on brief.

(William M. Hackworth, City Attorney;
Allen T. Wilson, Assistant City Attorney, on
brief), for appellee. Appellee submitting on
brief.


Edward Johnson appeals the decision of the circuit court

terminating his parental rights to his four children. Johnson

contends that the Roanoke City Department of Social Services (DSS)

failed to present sufficient evidence pursuant to Code

§ 16.1-283(E) to terminate his parental rights to his children

Ishmeal, Alisia or Tina. Upon reviewing the record and briefs of

the parties, we affirm the decision of the trial court.

"When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

<u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  <u>Lecky v. Reed</u>, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  <u>Logan</u>, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The trial judge's findings, "'when based on evidence heard <u>ore</u> <u>tenus</u>, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  <u>Id.</u> (citation omitted).

The facts are not in dispute.  Johnson was convicted of the malicious wounding of his two-year-old son, Edward Isiah Johnson.  Following Johnson's conviction, DSS filed petitions to terminate Johnson's parental rights to all four children, ranging in age from one to four years old.  DSS did not produce any evidence during the hearing concerning the other three children or their relationships with or treatment by Johnson.  The trial court ruled that by proving Johnson maliciously wounded one of his children, DSS presented <u>prima</u> <u>facie</u> evidence

-

sufficient under Code § 16.1-283(E) to terminate Johnson's parental rights to all four children.

The statute provides, in pertinent part, as follows:

> The residual parental rights of a parent . . . of a child who is in the custody of a local board or licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . (iii) the parent has been convicted of an offense under the laws of this Commonwealth . . . which constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault, if the victim of the offense was a child of the parent or a child with whom the parent resided at the time of such offense. As used in this section, "serious bodily injury" means bodily injury which involves substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ or mental faculty.

Code § 16.1-283(E). By its express language, Code § 16.1-283(E) does not limit the authority of the trial court to terminate parental rights only to children who are the direct victims of the parent's felonious assault. The express language of the statute permits the termination of parental rights of other children who would be endangered where a parent has maliciously wounded one of his or her children. The obvious purpose of the statute is to allow the court to terminate a parent's parental rights when the parent's conduct poses a serious endangerment to

-

a child's well-being without requiring that the Court wait until the child is harmed before terminating the parent's rights.

In this instance, the trial court ruled that DSS established a prima facie case under the statute as to all four of Johnson's children when it proved that he was convicted of the malicious wounding of his son, Edward Isiah. While DSS did not present evidence relating to the other three children during the hearing, relevant information concerning each of them was set out in other parts of the record. The trial court found by "clear and convincing evidence . . . that the termination of parental rights is in the best interest" of each of the four children. That finding is supported by evidence in the record.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

-

Benton, J., dissenting.

"[T]ermination of the legal relationship between parent and child is a grave proceeding . . . [which] renders the parent 'a legal stranger to the child' and severs 'all parental rights.'" Weaver v. Roanoke Dep't of Human Resources, 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980) (citation omitted). Thus, the legislature has specifically required that this drastic and irreversible action can only be ordered "upon clear and convincing evidence, that it is in the best interest of the child." Code § 16.1-283(E). When applying this statute, courts are required to have "a respect for the natural bond between children and their natural parents" because "preservation of the family, and in particular the parent-child relationship, is an important goal for not only the parents but also government itself." Weaver, 220 Va. at 926, 265 S.E.2d at 695.

Although I agree with the majority that Code § 16.1-283(E) does not limit the authority of the trial judge to terminate parental rights only as to children who are the direct victims of felony assault, that is not the issue raised by this appeal. The trial judge erred in this case in determining that Code § 16.1-283(E) created a "statutory directive of a prima facie case." Before the trial judge could terminate Johnson's parental rights to any one of his children under Code § 16.1-283(E), the Department was required to prove not only that Johnson "has been convicted of an offense . . . which

-

constitutes felony assault resulting in serious bodily injury

. . . [to his] child" but also that "based upon clear and convincing evidence, that [termination of Johnson's parental rights] is in the best interests of the child."  Thus, by its express language, Code § 16.1-283(E) required that the Department prove by clear and convincing evidence that Johnson was convicted of the malicious wounding of one of his children and that the termination of Johnson's parental rights was in the best interests of each of his children.

The uncontested evidence established that Johnson broke the femur of his son, Edward Isiah.  The Department presented no evidence at the hearing, however, to establish the circumstances surrounding that event.  The Department also failed to present evidence concerning Johnson's conduct toward the other children. Indeed, from the evidence presented at trial, the trial judge had no basis to know what kind of parent Johnson was for his other children.  The Department failed to present any evidence whatsoever concerning the well-being of the children or Johnson's relationship with them.  In short, no evidence proved that termination was in the best interests of Johnson's other three children.

Under the statute, the trial judge must do more than find, as he did, that Johnson was convicted of the malicious wounding of his son.  The trial judge must affirmatively find, based on clear and convincing evidence, that termination of Johnson's

-

parental rights is in the best interests of each child for whom a petition is presented.  In the absence of any evidence concerning the other children, there was insufficient evidence for the trial judge to make that determination.  The Supreme Court has consistently ruled that "[c]onclusions unsupported by facts are insufficient to sever for all time the legal connection between parent and child."  Ward v. Faw, 219 Va. 1120, 1125, 253 S.E.2d 658, 662 (1979); see also Weaver, 220 Va. at 929, 265 S.E.2d at 697.

For these reasons, I believe it was error to terminate Johnson's rights as to the other three children in the absence of clear and convincing evidence justifying that action.  I dissent.

-